**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**UNITED STATES OF AMERICA**

        **PLAINTIFF**

                        Case No. 3:11-CR-139

**JACK GREEN**                        District Judge Thomas M. Rose

        **Defendant**
_____

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS (DOC. 12)**
_____

This matter comes before the Court pursuant to Defendant's Motion to Dismiss (doc. 12) filed November 11, 2011. The Government filed their response (doc. 14) to Defendant's Motion on December 15, 2011.

Defendant's Motion requests the Court to dismiss the indictment, pursuant to Rule 12(b)(3)(B) of Criminal Rule of Procedure, because it does not state a valid federal offense. Specifically the Defendant argues that Defendant's conviction of the Sex Offender Registration and Notification Act (SORNA) was not constitutionally and/or legally valid.

Defendant asserts that the Ohio Supreme Court has held in two decisions that Ohio's SORNA registration requirements are unconstitutional resulting in an application of SORNA against Defendant that violates the *Ex Post Facto* clause. Additionally Defendant reasons that the delegation of retroactivity standards and their application to the Attorney General by SORNA is unconstitutional as a violation of the Non-Delegation Doctrine. Further the Defendant argues the federal government has no constitutional jurisdiction to regulate the registration of sex offenders under the commerce clause, the application of SORNA in this case is a violation of the Tenth Amendment and to require

Defendant to register under SORNA violates the notice requirements of the Due Process Clause of the Fifth Amendment.

## STATEMENT OF FACTS

Defendant was convicted of a sex offense in 2005 in the Preble County, Ohio, Common Pleas Court in Case No. 5 CR 9346. As a result of that conviction, the Defendant was ordered to register as a sex offender for ten (10) years. In August of 2007, the Defendant executed forms and acknowledged his understanding of the requirements under the Notice of Registration Duties of Sexual Oriented Offenders. Defendant again executed forms and acknowledged his understanding of his reporting requirements on September 13, 2007, October 22, 2007, June 6, 2008, October 2, 2008, April 2, 2009 and May 8, 2009. On October 1, 2009, the Defendant reported as a sexual offender with the Delaware County, Indiana Sheriff's Office indicating he would be moving from Dayton, Ohio to Muncie, Indiana. However, in July of 2011, law enforcement discovered Defendant again residing in Ohio, although he had not updated his registration as a sex offender in Ohio or Indiana. Defendant acknowledged violating his sex offender registration requirements by residing at several different residences in and around Springfield, Ohio since April 2010. On September 13, 2011, a federal grand jury charged Defendant with traveling in the Southern District of Ohio between in or about April 2010 and August 2011 and failing to register as a sex offender under SORNA, a violation of 18 USC §2250.

## ANALYSIS

Defendant was convicted of a sex offense in 2005 in Ohio, before SORNA was enacted on July 27, 2006, and is now charged with failure to register under SORNA while traveling to the State of Ohio between on or about April 2010 and August 2010. The Defendant submits that to

punish him for failing to register under SORNA -- a law not applicable to him at the time of his conviction -- would violate the *Ex Post Facto* Clause of the Constitution.

In support, Defendant cites two Ohio Supreme Court cases, to wit: *State v. Williams*, Slip Opinion No. 2011-Ohio-3374 (Ohio 2011) and *State v. Bodyke*, 933 N.E.2d 753 (2010). Williams was cited for the fact that as of July 13, 2011, defendants with sex offense convictions before 2007 are not required to register under the sex offender registration provisions of Ohio's Adam Walsh Act. Bodyke was cited for the fact that SORNA registration requirements violated Ohio's doctrine regarding separation of power resulting in a prohibition of Ohio's SORNA registration requirements from being enforced as well as the concept that the federal government cannot require states to reopen and reclassify offenders who have already been adjudicated in State courts.

However, Defendant's obligation to register as a sex offender arose prior to the enactment of the Adam Walsh Act (S.B. 10) which was the legislation at issue in *Williams.* This Defendant was required to register under Megan's Law and the existing sex offender registration prior to S. B. 10 enactment and that requirement continues. The Defendant, having been properly classified as a sexual offender initially, was not required to reclassify. The federal government is only requiring the Defendant to comply with those obligations that had been in existence prior to his date of conviction and which he has acknowledged on numerous occasions. The Court would conclude the Ohio Supreme Court cases cited are of no effect to Defendant's case and said arguments are not well-founded.

Defendant also argues the delegation of the application of the retroactive standards of SORNA to the Attorney General is unconstitutional. Pursuant to *United States v. Cain*, 583 F3d

408 (6th Cir 2009) and *United States v. Utesch* 596 F 3d 302 (6th Cir. 2010) this Court would reject the Defendant's argument. These cases held the Attorney General indeed has authority to specify the applicability of SORNA's requirements to certain sex offenders and that SORNA was effective retroactively after the Attorney General exercised the delegation of authority on August 1, 2008 against offenders convicted before its enactment.

Defendant asserts further that the crime of failing to register under SORNA regulates a purely intrastate activity (failing to register) which does not substantially affect interstate commerce and therefore does not violate the Commerce Clause, or affect interstate commerce.

This Court finds this argument also without merit. Title 18 U.S.C. §2250(a)(2)(B) does not violate the commerce clause because it does not criminalize mere intrastate activity. 18 U.S.C. §2250(a)(2)(B) criminalizes interstate activity, i.e, traveling in interstate commerce as a sex offender and knowingly failing to register or update a registration.

Defendant argues that SORNA violates the Tenth Amendment by requiring a state to register sex offenders before it had the opportunity to comply voluntarily with SORNA. The Court would first find that the Defendant lacks standing as an individual to assert a violation of the Tenth Amendment. *United States v. Zuniga*, 579 F.3d 845, 851 (8th Circuit 2009), *cert. denied*, 130 S. Ct., 3384, 2010 WL 2243722. A private party does not have standing to assert that the federal government is encroaching on state sovereignty in violation of the Tenth Amendment absent the involvement of a state or its instrumentalities. The Defendant is challenging SORNA in an individual capacity and does not assert the involvement of a state or its instrumentalies. However, even assuming standing, the Defendant was required to register by Ohio law, already in effect in 2006 when SORNA was enacted. The Defendant's violation of 18 U.S.C. §2250(a) was

not predicated on any enabling or enforcement action by Ohio. Nothing in the record indicates that SORNA commandeered state officials to enforce SORNA against Defendant. SORNA was just ordering Defendant to do what he was required to do by state law. Rather, Defendant violated §2250(a) when he traveled in interstate commerce to Ohio in November 2009 and thereafter knowingly failed to register as a sex offender with Ohio officials, as required by preexisting Ohio law. (O.R.C. §§2950.04 through 2950.07).

## **CONCLUSION**

Defendant's Motion to Dismiss (doc. 12) is DENIED. SORNA, as applied to the Defendant does not violate the *Ex Post Facto* clause; SORNA does not violate the non-delegation doctrine; SORNA is not contrary to the Commerce Clause, and Defendant's violation was committed after Ohio had fully implemented SORNA.

IT IS SO ORDERED.

February 7, 2012                                                *s/THOMAS M. ROSE*

_____
THOMAS M. ROSE, JUDGE
UNITED STATES DISTRICT COURT